## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERESA M. NELSON, et al.,       )
                             )
           **Plaintiff,**      )
                             )
**v.**                         )
                             )      **No. 05-2049–CM**
                             )
**MARK BUNDY, et al.,**       )
                             )
          **Defendant.**     )
_____)

### ORDER

Plaintiffs Teresa Nelson and Bryan Nelson allege that defendant Mark Bundy, a Kansas City, Kansas police officer, used excessive force during an arrest on April 11, 2003. As a result, plaintiffs brought this action consisting of violations of 42 U.S.C. § 1983, assault and battery, trespass, false arrest and imprisonment, malicious prosecution, intentional infliction of mental and emotional distress, and loss of consortium. Defendants moved for summary judgment, arguing that defendant Bundy's actions were protected by qualified immunity. In the response, plaintiffs included a videotape that they claim shows Teresa Nelson's arrest and contradicts the facts presented by defendants. However, defendants replied that plaintiffs did not provide a copy of the videotape to defendants and that the videotape is not admissible evidence.

While a pro se plaintiff deserves some leniency, "[a] party's pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. United States*, 173 Fed. Appx. 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. Of Mines*, 150 Fed. Appx. 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants). One procedural requirement is that when responding to a motion for

summary judgment, "all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed. R. Civ. P. 56(e).

By relying on the videotape to support plaintiffs' arguments, but not providing a copy of the videotape to defendants, plaintiffs placed defendants at a disadvantage.  To remedy this, the court orders plaintiffs to provide defendants with a copy of the cited videotape on or before September 11, 2006.  Defendants have until September 15, 2006 to reply only to plaintiffs' arguments that were based on the videotape.

Additionally, inadmissible evidence cannot be used to defeat a motion for summary judgment.  *Wells v. Boston Ave. Realty*, 125 F.3d 1335, 1340 (10th Cir. 1997).  For an item to be admissible, there must be "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

To consider the videotape, this court must have sufficient evidence that the videotape will be admissible at trial.  Thus, this court orders plaintiffs to provide evidence, such as an affidavit, of the videotape's authenticity on or before September 11, 2006.  Such evidence must also be provided to defendants by the same date.

**IT IS THEREFORE ORDERED** that plaintiffs shall provide defendants with a copy of the cited videotape on or before September 11, 2006.

**IT IS FURTHER ORDERED** that plaintiffs shall provide this court and defendants evidence of the videotape's authenticity on or before September 11, 2006.

**IT IS FURTHER ORDERED** that defendants shall reply to plaintiffs' arguments based on the videotape by September 15, 2006.

Dated this 6th day of September 2006, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**